**CITIZENS COMMISSION ON HUMAN RIGHTS, Plaintiff–Appellant,**

v.

**FOOD AND DRUG ADMINISTRATION, Defendant–Appellee,**

and

**Eli Lilly and Company, Defendant–Intervenor–Appellee.**

No. 93–55818.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 31, 1994.

Decided Jan. 18, 1995.

Kendrick L. Moxon, Karen L. Brown, Bowles & Moxon, Los Angeles, CA, for plaintiff-appellant.

Leonard Schaitman, Peter R. Maier, U.S. Dept. of Justice, Washington, DC, for defendant-appellee, Food and Drug Admin.

Robert S. Warren, Robert H. Fairbank, Kevin S. Rosen, Timothy L. Alger, Gibson, Dunn & Crutcher, Los Angeles, CA, for defendant-intervenor-appellee, Eli Lilly and Co.

Before: GIBSON,* HUG, and HAWKINS, Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Citizens Commission on Human Rights ("CCHR") appeals the district court's grant of summary judgment in favor of the Food and Drug Administration ("FDA") and Eli Lilly and Company ("Lilly"). The district court rejected CCHR's claims that the FDA did not adequately respond to its Freedom of Information Act ("FOIA") request, 5 U.S.C. § 552 (1988), and that the agency improperly withheld responsive documents.

■ On appeal, CCHR contends that the district court erred in: (1) finding that the FDA's search was responsive to CCHR's request; (2) concluding that the FDA's *Vaughn* Index[1] was adequate; (3) entering summary judgment before allowing CCHR to conduct additional discovery; and (4) upholding the FDA's decision to not disclose numerous responsive documents. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988), and we affirm in part and remand in part.

## I. BACKGROUND

In order to obtain FDA approval for the marketing of a new drug, a pharmaceutical manufacturer must submit extensive data, including full reports of pre-clinical and clinical investigations that demonstrate the drug's safety and effectiveness for its intended use. Once the FDA has approved a new drug, the manufacturer must submit reports of adverse reactions that occur after the drug is commercially marketed. A manufacturer may also submit supplemental applications for other dosage forms or other uses of an approved drug. This information all be-

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

1. A *Vaughn* Index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption. *See Bowen v. FDA*, 925 F.2d 1225, 1227 & n. 1 (9th Cir.1991) (describing the origins and contents of the so-called *"Vaughn* Index").

comes part of the FDA's New Drug Application ("NDA") file.

In June 1992, CCHR requested "copies of all records, notes, electronic information, or other information in the custody or control of the FDA" concerning the drug Prozac.[2] In response to CCHR's request, the FDA provided approximately 5,000 pages of microfiche summarizing the agency's decision to approve Prozac.[3] The FDA claimed that it also notified CCHR about the procedure for requesting the complete reports of individual adverse reactions, but that CCHR never requested these documents. The FDA required specific requests because these files contained approximately 60,000 pages and routinely releasing them would have been unwarranted and unreasonably burdensome. CCHR claimed that it sought all information relating to Prozac and that it never received any notification that it must specifically request certain documents.

Unsatisfied with the agency's response to its FOIA request, CCHR filed this lawsuit against the FDA, alleging unlawful nondisclosure of its records. The FDA then reviewed its active NDA files and released approximately 4,000 additional pages of information to CCHR. The FDA also retrieved and searched its retired NDA files and released thirty-eight pages of information along with documents from five of the FDA's divisional offices.

During the process of reviewing the retired files, the FDA discovered that approximately 137 of the 1000 volumes were missing.[4] The FDA claimed that despite a thorough search of its storage facilities, it has never been able to locate these volumes. However, based on the contents of the other volumes, the FDA argued that the missing volumes most likely contained trade secrets or confidential information that was exempt from disclosure.

When CCHR attempted to depose an FDA representative pursuant to Fed.R.Civ.P. 30(b)(6), the magistrate court granted a protective order until the agency had the opportunity to justify the bases for its nondisclosure. The FDA filed a motion for summary judgment, and Lilly intervened as a defendant and also filed for summary judgment.[5] The FDA then submitted a *Vaughn* Index, which consisted of 482 pages and contained: (1) an index prepared by Lilly that summarized approximately 315,000 pages of unreleased documents and the reasons for their nondisclosure; (2) an index prepared by the FDA that described an additional 357 pages of undisclosed documents;[6] and (3) three declarations detailing the FDA's response to CCHR's request and generally summarizing the documents withheld and the reasons for their nondisclosure.

After the FDA submitted its *Vaughn* Index, CCHR filed *ex parte* applications for the magistrate to reconsider the protective order and for the district court to hold the summary judgment motions in abeyance until the magistrate court's decision. These applications were denied. CCHR then filed declarations in opposition to summary judgment and requested that the district court either deny the motions for summary judgment or grant a continuance until CCHR had conducted additional discovery.

The district court determined that the FDA's search was adequately responsive and that the *Vaughn* Index sufficiently identified the documents withheld and provided justification for their nondisclosure. The court concluded that the undisclosed documents were properly withheld under FOIA exemptions 4, 5, and 6, and granted summary judgment in favor of the defendants.[7]

---

2. In 1987, the FDA approved Prozac for the treatment of depression.

3. After the FDA approves a new drug, it usually reviews the active NDA file and compiles a package of information to use in responding to FOIA requests.

4. Each volume typically contained between 300 and 400 pages.

5. Prozac is manufactured and marketed by Lilly.

6. The FDA index covered documents in an unapproved supplement that Lilly had filed concerning another proposed use for Prozac.

7. The documents that are exempt from disclosure include:

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available

## II. DISCUSSION

 We recognize that the FOIA mandates broad disclosure and that the agency bears the burden of establishing that a particular document is exempt. *Bowen v. FDA,* 925 F.2d 1225, 1226 (9th Cir.1991). "Using a two-part analysis, we review (1) whether the district court had an adequate factual basis on which to make its decision, and, if so, (2) whether the district court's finding that the requested document were properly exempted is clearly erroneous." *Id.* at 1226–27 (quotation omitted).

### A. The Search

 The adequacy of the agency's search is judged by a standard of reasonableness, construing the facts in the light most favorable to the requestor. *See Zemansky v. EPA,* 767 F.2d 569, 571 (9th Cir.1985) ("The agency must: demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." (quotations omitted)). Despite CCHR's arguments about the missing volumes, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate.*" *Id.* (quotation omitted).

 In order to demonstrate the adequacy of its search, the FDA submitted a declaration from its Staff Director who was responsible for processing and responding to FOIA requests. This declaration specifically outlined the FDA's efforts to locate documents that were responsive to CCHR's request. In addition to searching its main office, the FDA forwarded CCHR's request to seven of its divisional offices and spent over one hundred forty hours reviewing the active and retired Prozac files. "[A]ffidavits describing agency search procedures are sufficient for purposes of summary judgment only if they are relatively detailed in their description of the files searched and the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith." *Id.* at 573 (quotation omitted). The FDA's declaration meets this standard.

### B. The *Vaughn* Index

 The purpose of a *Vaughn* Index is "to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Wiener v. FBI,* 943 F.2d 972, 977 (9th Cir.1991), (quotation omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992). The agency must disclose as much information as possible without thwarting the purpose of the exemption claimed. *Id.* at 979. We review *de novo* whether the FDA's indices and supporting declarations constitute a sufficient *Vaughn* Index. *Id.* at 978.

 Despite CCHR's complaints about Lilly's participation in preparing the *Vaughn* Index, the FDA was ultimately responsible for the decision to withhold these documents. *See* 5 U.S.C. § 552. We are likewise unpersuaded by CCHR's arguments that the FDA's *Vaughn* Index is deficient because it summarizes volumes, rather than individual pages, and that the indices contain inadequate "boilerplate" reasons for nondisclosure. *See Wiener,* 943 F.2d at 978–79. Having reviewed the indices, we find that they sufficiently describe the documents' contents and give specific reasons for withholding them. We also reject CCHR's argument that the FOIA requires the FDA to segregate portions from over 325,000 pages of documents.[8] We conclude that the FDA's *Vaughn* Index gave CCHR a meaningful opportunity to contest and the district court an adequate basis to review the legitimacy of withholding these documents.

---

by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

5 U.S.C. § 552(b).

8. The FOIA provides that "[a]ny *reasonably* segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b) (¶ following (9)) (emphasis added).

### C. CCHR's Discovery Request

Pursuant to Fed.R.Civ.P. 56(f),

[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This Court reviews the district court's denial of a Rule 56(f) application under the abuse of discretion standard. *See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir.1986).

■ Summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Having found that the FDA's search was reasonable and that its *Vaughn* Index was adequate, the district court determined that the FDA had satisfied its burden of establishing that the requested documents were exempt from disclosure. "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." *Lewis v. IRS,* 823 F.2d 375, 378 (9th Cir.1987) (quotation omitted). We conclude that the district court did not abuse its discretion in granting summary judgment before allowing CCHR the opportunity to conduct additional discovery.

### D. The Adverse Reaction Reports

■ The FDA admits that the individual adverse reaction reports are not exempt from disclosure, but contends that CCHR never properly requested these documents. In response, CCHR claims that it requested all information on Prozac and that it never received any notification that it must specifically request certain documents. It is apparent that CCHR is clearly entitled to the individual adverse reaction reports. We remand to the district court to resolve this issue.

### III. CONCLUSION

We affirm the district court's judgment with one exception: we remand for further consideration on the FDA's withholding of the individual adverse reaction reports.

AFFIRMED IN PART AND REMANDED IN PART.