91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark HART, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 No. 95-2110.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 16, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This case arises from Mark Hart's request for any records concerning himself from the Federal Bureau of Investigations ("FBI").[1] Dissatisfied with the FBI's response that it searched for but found no responsive records, he brought action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a) ("PA"), to compel the FBI to produce documents responsive to his request. The FBI submitted multiple declarations[2] (uncontroverted by Hart) from agency personnel in its Chicago field office and in its Washington, D.C. headquarters office describing the FBI's search methods and averring that no documents were found responsive to Hart's request. Based on these declarations, the district court granted the FBI's motion for summary judgment stating the FBI "thoroughly searched for the requested documents where they might be reasonably found." (R. at 32). Consequently, the court dismissed Hart's action based on his failure to establish jurisdiction under the FOIA. Hart appeals the district court's summary judgment of the search issue and its dismissal of his FOIA action. Because the FBI satisfied its burden of performing a reasonably adequate search and since Hart failed to satisfy the jurisdiction prerequisites under the FOIA, we affirm.
 
 
 2
 The FOIA provides jurisdiction in the district courts to "enjoin" an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B) (emphasis); United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989). Certain records, however, need not be produced by an agency if the record falls within an exemption listed in the Act, § 552(6)(C)(b), or if the agency demonstrates that the requested document is unidentifiable or not within its possession or control. See United States Dept. of Justice v. Tax Analysts, 492 U.S. at 145 (noting that the power to enjoin an agency's improper withholding presupposes the agency's control of the requested material at the time the FOIA request is made), Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 155 (1980). An agency may not render its obligations under the FOIA meaningless, however, by making unjustified assertions that no responsive records were found within its control. Hence, the district court must ensure that the agency conduct a proper search for the requested records. Miller v. United States Dept. of State, 779 F.2d 1378, 1387 (8th Cir.1986). In other words, although a plaintiff must satisfy the jurisdictional prerequisites under the FOIA by demonstrating an (1) improper (2) withholding of (3) agency records, the government bears the threshold burden of establishing the adequacy of its search. Patterson v. IRS, 56 F.3d 832, 840 (7th Cir.1995); Goldgar v. Office of Administration, 26 F.3d 32, 34 (5th Cir.1994); Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1202 (D.C.Cir.1991).
 
 
 3
 In order to obtain summary judgment on this threshold issue, an agency must show that it made a good faith effort to conduct a search for the requested records. Patterson, 56 F.3d at 841; Oglesby v. United States Dept. of the Army, 920 F.2d 57, 68 (D.C.Cir.1990). The adequacy of the search is judged by a standard of reasonableness, Patterson, 56 F.3d at 842, "in light of the specific request," Gillin v. IRS, 980 F.2d 819, 822 (1st Cir.1992), construing the facts in the light most favorable to the requestor, Becker v. I.R.S., 34 F.3d 398, 405 (7th Cir.1994). An agency may establish the reasonableness of its search through affidavits that provide a reasonably detailed and nonconclusory description of the agency's search method and procedures. Patterson, 56 F.3d at 841; Becker, 34 F.3d at 405, Citizens Comm'n on Human Rights v. F.D.A., 45 F.3d 1325, 1328 (9th Cir.1995). These methods and procedures must "demonstrate that [the agency] has conducted a search reasonably calculated to uncover all relevant documents." Citizens Comm'n on Human Rights, 45 F.3d at 1328 (quoting Zemansky v. E.P.A., 767 F.2d 569, 571 (9th Cir.1985)); see Weisberg v. United States Dept. of Justice, 627 F.2d 365, 371 (D.C.Cir.1980) (agency affidavit must denote which files were searched and reflect a systematic approach to document location in order to enable the appellant to challenge the procedures utilized). Notably, "[t]he issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." In re Wade, 969 F.2d 241, 249 n. 11 (7th Cir.1992); Citizens, 45 F.3d at 1328. In other words, a requester's "[m]ere speculation that as yet uncovered document may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dept. of Justice, 23 F.3d 548, 552 (D.C.Cir.1994).
 
 
 4
 We review the issue of the adequacy of the FBI's search for records responsive to Hart's request de novo, Patterson, 56 F.3d at 836; Steinberg, 23 F.3d at 551. Hart makes several challenges[3] to the district court's conclusion that the FBI demonstrated that its search was sufficient under the law. Foremost, he contends that the court erroneously evaluated the search based on its "thoroughness" rather than determining whether it was "reasonably adequate."[4] In support of his argument, Hart points to the court's statement that the proper standard was whether the FBI "thoroughly searched for the requested documents where they might reasonably be found." (R. at 32). Despite any confusion created by the district court's use of the modifier "thorough" to describe the scope of the required search, we find that the evidence before the district court demonstrated that the FBI satisfied its evidentiary burden.
 
 
 5
 The FBI submitted multiple nonconclusory declarations from its agency personnel detailing its search methods: Using ten[5] variations of Hart's name, the FBI searched its central records system ("CRS") by examining its automated and manual general indices ("GI") and by examining the electronic surveillance indices ("ELSUR"), an index used to maintain information on persons whose electronic or voice communications have been intercepted as the result of consensual or court-ordered electronic surveillance. (R. at 27, Def.'s Exs. 1, 2). Furthermore, after describing its filing system of grouping agency records into subject matter categories, the FBI averred that "the General Indices is the most reasonable means by which the FBI can determine if any retrievable information is available to respond to FOIPA requests on any given subject matter." (R. at 10, Def.'s Ex. M, pp 15, 16).
 
 
 6
 Hart does not dispute the truthfulness of the FBI's detailed declarations describing the scope and method of its search or otherwise counter the FBI's showing that it searched the indices where records about him would most reasonably be found.[6] See Citizens, 45 F.3d at 1328; Oglesby, 920 F.2d at 68. Nor does Hart present any information which would cause us to question, as in Ethyl Corporation v. United States Environmental Protection Agency, 25 F.3d 1241 (4th Cir.1994), the truthfulness of the FBI's declarations regarding the reasonableness of its search. See id. at 1248 (adequacy of agency's search in response to plaintiff's first FOIA request put into question when previously undisclosed documents were later disclosed in response to plaintiff's second FOIA request). Instead, Hart contends that the FBI failed to demonstrate a reasonably adequate search since they do not explicitly deny the existence of any records pertaining to Hart. He also contends that the FBI's search was insufficient because it was not comprehensive. In support of his argument, he points to additional indices listed in the Federal Register which the FBI could have searched to find records about him. Moreover, he contends that due to the subject matter indexing of the FBI's files, the FBI's name-based search was unreasonable. In sum, Hart primarily asserts that there is a genuine issue as to the adequacy of the FBI's search because of the possibility of conducting additional searches and because of the purported likelihood that responsive material exists somewhere in the FBI files.[7]
 
 
 7
 As previously noted, the legal standard for evaluating the adequacy of the search is not whether responsive material might conceivably exist, but whether the search for the material was reasonably adequate. Anticipating this analysis, Hart insists in his reply brief that he is challenging the adequacy of the FBI's search based on the sufficiency of the FBI's declarations and not merely on his speculation about the existence of responsive documents. (Pl.'s Reply Br. at 15). Nevertheless, in the absence of countervailing evidence or apparent inconsistency of proof[8] with respect to these declarations, we find that the FBI's declarations are reasonable in detail and in scope to demonstrate compliance with the obligation imposed by the FOIA to perform a reasonably adequate search. Indeed, "[t]here is no requirement that an agency search every record system." Oglesby, 920 F.2d at 689. Thus, we find that the FBI's search of the CRS indices using several variations of Hart's name is reasonable in light of the information he submitted in his request.[9] Accordingly, because Hart failed to show a material issue of fact on the adequacy of the FBI's search, we AFFIRM the summary judgment on that point.
 
 
 8
 Consequently, we reject Hart's remaining arguments[10] since Hart failed to satisfy the jurisdictional prerequisites under the FOIA of showing that the FBI improperly withheld agency records.[11] United States Dept. of Justice v. Tax Analysts, 492 U.S. at 145; Kissinger, 445 U.S. at 155; Goldgar, 26 F.3d at 33 (dismissal for lack of jurisdiction proper where agency withheld no documents responsive to plaintiff's request); Miller, 779 F.2d at 1387 (noting that federal courts have no further statutory duty to perform under the FOIA once agency demonstrates that it made reasonable search and requester has failed to show that such search was not made). Furthermore, we reject Hart's arguments that the district court's denial of his discovery motion unfairly prejudiced his ability to establish jurisdiction under the FOIA. Becker, 34 F.3d at 406 (denial of plaintiff's discovery request in FOIA action is properly within the district court's wide discretion with respect to discovery matters); Goland v. CIA, 607 F.2d 352 (D.C.Cir.1978) (limitation on discovery held proper where government affidavits demonstrate adequacy of search and plaintiff failed to establish jurisdiction under the FOIA).
 
 
 9
 Finally, we AFFIRM the district court's dismissal of Hart's claim that the FBI is violating his constitutional rights by subjecting him to a campaign of covert investigations. Hart's conclusory allegations fail to state a claim, are frivolous, and warrant dismissal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Hart apparently believes that he is, or has been, the subject of FBI investigations, or even if he is not the subject of such an investigation, that the FBI must have some records about him due to his recent activities in China (thoroughly discussed in the record) and to his recently submitted federal employment application
 
 
 [2]
 These "declarations" consist of signed affidavits by FBI personnel detailing their response to Hart's request for records under the FOIA
 
 
 [3]
 We reject at the outset Hart's argument that he is entitled to judgment since the FBI failed to file an answer to his complaint. The FBI properly responded by filing its joint Motion to Dismiss/Motion for Summary Judgment since an "answer" is not the only response permitted under the FOIA. See 5 U.S.C. § 552(a)(4)(C)
 
 
 [4]
 Highlighting the difference between these two standards Hart anecdotally explains that a thorough search for a lost passport--by turning a house upside down, and rooting through every drawer--would not be reasonably adequate if the passport lay undiscovered at the bottom of the "P" file. (Pl.'s Br. at 19)
 
 
 [5]
 The FBI submitted a declaration averring that it searched for responsive records using the following variations of plaintiff's name: Hart, Mark; Hart, Mark A.; Hart, Mark Aloysius; Hart, M.A.; Hart, Aloysius; Hart, Aloysius Mark; Hart, M. Aloysius; Hart, M.; M.H.; and M.A.H. (R. at 27, Def.'s Ex. 2, p 4)
 
 
 [6]
 Hart explains that rather than challenge the FBI's declarations he chose to use them as documentary evidence to show that the FBI's search was inadequate and conducted in bad faith. (Pl.'s Br. at 14)
 
 
 [7]
 Hart's strong belief that responsive material must exist because of his involvement with numerous Chinese citizens and because of his application for federal employment is nothing more than speculation and, therefore, insufficient to raise a material question of fact with respect to the adequacy of the agency's search. Oglesby, 920 F.2d at 67 n. 13
 
 
 [8]
 We reject Hart's unsubstantiated argument (Pl.'s Br. at 13) that the FBI failed to search derivatives of his name using his surname first. (R. at 27, Def.'s Ex. 2, p 4); supra footnote 4
 
 
 [9]
 Agent James P. Newcomb submitted three declarations each averring that "if the Plaintiff is or was the subject of an FBI investigation, as he asserts, his name would automatically be indexed to the CRS, and would appear in a search of the indices to the CRS." (R. at 27, Def's Ex. 2). Hart failed to counter these declarations. Given only Hart's name, social security number, and summaries of his travels to China and federal employment application, we do not find it unreasonable for the FBI to forego searching each of its subject matter indices. See Weisberg v. United States Department of Justice, 745 F.2d 1476, 1486-87 (D.C.Cir.1984) (adequacy of search not undermined by claim that FBI failed to search all indices listed in the federal register)
 
 
 [10]
 Hart sought an injunction against the FBI, a hearing and to join additional defendants
 
 
 [11]
 Hart correctly notes that losing on the merits does not retroactively revoke a district court's jurisdiction, unless the action is frivolous. See e.g., Mid-American Waste Systems, Inc. v. City of Gary, 49 F.3d 286, 292 (7th Cir.1995). Hart contends that the district court committed reversible error in dismissing his FOIA action (as opposed to disposing of it on the merits) since he sufficiently invoked the court's jurisdiction by alleging that the FBI violated FOIA and the PA by failing to adequately search for responsive records. Although his pleadings were not frivolous, the district court was correct in stating that its summary judgment of the search claim deprived it of further jurisdiction to act under the FOIA since its provisions authorizing a court to enjoin an improper withholding of agency records contemplate the existence of identifiable records upon which to act