**Dan VAN MECHELEN,
Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Defendant–Appellee.**

No. 05–36237.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Dan Van Mechelen, Olympia, WA, pro se.

Peter Angus Winn, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

for decision without oral argument. *See* Fed.

MEMORANDUM **

Dan Van Mechelen appeals pro se from the district court's summary judgment in favor of the Department of the Interior ("DOI") in his action alleging that the DOI failed to comply with the disclosure requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. "[I]n a FOIA case, we first determine whether the district judge had an adequate factual basis for decision, and if not, remand." *Fiduccia v. U.S. Dep't of Justice,* 185 F.3d 1035, 1040 (9th Cir.1999); *see Lion Raisins v. U.S. Dept. of Agriculture,* 354 F.3d 1072, 1078 (9th Cir.2004) (holding that "[w]hether a particular set of documents gives the court an adequate factual basis for its decision is a question of law that the court reviews de novo."). "If there was an adequate factual basis, we will overturn the district court's fact findings underlying its decision only for clear error." *Fiduccia,* 185 F.3d at 1040; *see Zemansky v. EPA,* 767 F.2d 569, 571 (9th Cir.1985) ("In reviewing [district court's decision regarding the adequacy of search for documents responsive to the FOIA request], the facts must be viewed in the light most favorable to the requestor."). We affirm. The declaration of Tia Barner, describing in detail the DOI's search for documents responsive to Van Mechelen's FOIA requests, provided an adequate factual basis for the district court's decision. *See Zemansky,* 767 F.2d at 573 (holding that "reasonably detailed, nonconclusory affidavits submitted in good faith" are sufficient on summary judgment to demonstrate the adequacy of the search).

The district court properly determined that the DOI conducted a reasonable search. *See Citizens Comm'n on Human Rights v. FDA,* 45 F.3d 1325, 1328 (9th Cir.1995) (reasonable search for responsive records satisfies FOIA); *Zemansky,* 767 F.2d at 571 (when the reasonableness of an agency's search is challenged, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the [FOIA] request, but rather whether the search for those documents was adequate.") (italics omitted). The record does not support Van Mechelen's contention that the DOI's delayed response was in bad faith. *See Minier v. CIA,* 88 F.3d 796, 803 (9th Cir.1996) (rejecting claim of bad faith where agency took over two years to answer FOIA request).

The district court did not abuse its discretion in denying Van Mechelen's requests for discovery. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (district court has broad discretion in deciding whether to permit discovery); *see also Pollard v. F.B.I.,* 705 F.2d 1151, 1154 (9th Cir.1983) (affirming denial of discovery concerning contents of documents exempted from disclosure under the FOIA).

Van Mechelen has waived any challenge to the district court's orders denying his motion to strike, motion for sanctions, and motion to reconsider. *See, e.g., Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived").

Van Mechelen's remaining contentions are unpersuasive.

**AFFIRMED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.