FILED

AUG 31 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATTY LOVAAS and ELKHORN HOT SPRINGS, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT; et al., <br><br> Defendants - Appellees. | No. 08-36068 <br><br> D.C. No. 2:07-cv-00027-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted July 29, 2010
Billings, Montana

Before:     O'CONNOR, Associate Justice,[**] THOMAS and W. FLETCHER,
Circuit Judges

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sandra Day O'Connor, Associate Justice of the
Supreme Court, sitting by designation.

Patty Lovaas and Elk Horn Hot Springs, Inc. (collectively, "Lovaas") appeal the district court's grant of summary judgment in favor of the Bureau of Land Management ("BLM"), the United States Department of the Interior, and various federal officials in plaintiffs' action under the Freedom of Information Act ("FOIA"). We affirm.

Construing the facts in the light most favorable to Lovaas, we hold that the BLM's search was adequate under FOIA. *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995). The BLM's affidavits were "reasonably detailed, nonconclusory . . . [and] submitted in good faith." *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (internal citation omitted). The district court's decision to conduct *in camera* review has no bearing on the adequacy of the search itself. *In camera* review is conducted to determine the applicability of exemptions to documents already produced. *See Lewis v. I.R.S.*, 823 F.2d 375, 378 (9th Cir. 1987). The production of supplemental documents by the BLM does not indicate that the BLM's search was inadequate, particularly since the BLM explained why the documents were not found initially. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008).

The district court did not abuse its discretion by granting summary judgment without further discovery. *Lane*, 523 F.3d at 1134-35; *see also Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

Lovaas also requests attorney's fees. However, she failed to file a motion for attorney's fees in compliance with Federal Rule of Civil Procedure 54(d)(2). The request is therefore waived. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972-73 (9th Cir. 2007); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000).

**AFFIRMED.**