**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>        Defendant - Appellee. | No. 11-17721<br><br>D.C. No. 3:10-cv-02578-JW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Curtis Renee Jackson, a California state prisoner, appeals pro se from the

district court's summary judgment in his action alleging violations of the Freedom

of Information Act ("FOIA") and the Privacy Act. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Watkins v. U.S. Bureau of Customs & Border Prot.*, 643 F.3d 1189, 1194 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Jackson's FOIA claim because the record demonstrates that defendant conducted an adequate search. *See Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995) (affidavits are sufficient to demonstrate the adequacy of a search if they are detailed, nonconclusory, and not impugned by evidence of bad faith).

The district court properly granted summary judgment on Jackson's Privacy Act claim because Jackson failed to raise a genuine dispute of material fact as to whether defendant's failure to maintain his records led to an adverse action by defendant. *See Houlihan v. Office of Pers. Mgmt.*, 909 F.2d 383, 384-85 (9th Cir. 1990) (per curiam) (to bring a claim against an agency under the Privacy Act, a plaintiff must demonstrate a causal connection between the failure to maintain records and an adverse action by the agency).

Denial of Jackson's untimely motion for an extension of time to oppose summary judgment was proper because Jackson failed to satisfy the requirements of Federal Rule of Civil Procedure 56(d). *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (setting forth the standard of review); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.

2006) (setting forth requirements under former Fed. R. Civ. P. 56(f)).

**AFFIRMED.**