NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY FINNEY, | No. 14-17415 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02805-TLN-EFB |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Stanley Finney appeals pro se from the district court's summary judgment in

his Freedom of Information Act ("FOIA") action.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Animal Legal Def. Fund v. U.S. Food & Drug*

*Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc).  We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Finney failed to raise a genuine dispute of material fact as to whether, with the exception of the subcategory of documents pertaining to Mr. Ortega and Mr. Polictzo's social security applications, defendant had not "conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (citation and internal quotation marks omitted) (setting forth requirements for demonstrating adequacy of search for documents).

The district court properly granted summary judgment as to the documents pertaining to Mr. Ortega and Mr. Polictzo because Finney failed to raise a genuine dispute of material fact as to whether defendant did not establish the documents were exempt from disclosure under Exemption 6 of FOIA. *See* 5 U.S.C. § 552(b)(6) (explaining that FOIA does "not apply to . . . personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637-39 (9th Cir. 2017) (in determining whether Exemption 6 applies, courts first "evaluate the personal privacy interest at stake to ensure that disclosure implicates a personal privacy interest that is nontrivial or more than de minimis," and then balance any such privacy interest with the "public interest in disclosure"

(citation, internal quotation marks, and alternations omitted)). Contrary to Finney's contentions, Finney was not entitled to segregated records, a Vaughn index, or *in camera* review of these documents. *See Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1042-43 (9th Cir. 1999) (explaining that "[t]here is no statutory requirement of a Vaughn index or affidavit," and that the statute only requires that "the agency provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and why, and the court can decide whether the exemptions claimed justify the nondisclosure").

The district court did not abuse its discretion in denying Finney's Federal Rule of Civil Procedure 56(d) motion because Finney failed to show how allowing additional discovery would have precluded summary judgment. *See Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1329 (9th Cir. 1995) (setting forth standard of review and concluding that district court did not abuse discretion in granting summary judgment in FOIA action before allowing an opportunity to conduct additional discovery).

We reject as meritless Finney's contentions that the district court failed to recognize his action was brought under FOIA rather than 42 U.S.C. § 1983 and to

consider his newly discovered evidence, and that Finney was lured into filing suit and incurring costs.

**AFFIRMED.**