**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY FABRICANT, | No. 16-16863 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-00332-JAS |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted March 13, 2018**

Before:   LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Danny Fabricant appeals pro se from the district court's summary judgment

in his Freedom of Information Act ("FOIA") action arising out of his requests for

records from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Animal Legal*

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). We affirm.

The district court properly granted summary judgment because the ATF's declarations by the ATF Chief, Disclosure Division, were reasonably detailed, and showed that the ATF "conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (citations and internal quotation marks omitted) (requirements for demonstrating adequacy of search for documents). We reject as without merit Fabricant's contentions that the ATF unreasonably construed his requests for documents showing total costs of certain investigations.

The district court properly concluded that the ATF proved the applicability of the FOIA exemptions claimed, and Fabricant has not argued on appeal that the ATF's declarations were not adequate. *See Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996) ("The agency may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." (citation and internal quotation marks omitted)); *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) ("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption,

the district court need look no further." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining in camera review of the documents withheld by the ATF. *See Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (setting forth standard of review and explaining that in camera inspection of documents withheld under a FOIA exemption is disfavored where "the government sustains its burden of proof by way of its testimony or affidavits"), *overruled on other grounds by Animal Legal Def. Fund*, 836 F.3d 987.

The district court did not abuse its discretion in staying discovery pending a motion for summary judgment, or in denying Fabricant's Fed. R. Civ. P. 56(d) motion, because Fabricant failed to show how allowing discovery would have precluded summary judgment. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (citation and internal quotation marks omitted)); *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1329 (9th Cir. 1995) (setting forth standard of review and requirements for a motion under former Rule 56(f)).

16-16863

The district court did not abuse its discretion in denying Fabricant's motion to strike the declaration of the ATF Chief, Disclosure Division, because Fabricant failed to establish a basis for excluding the declaration. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion in denying Fabricant's motions for clarification and to correct the judgment because Fabricant failed to demonstrate any ground for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)). To the extent that Fabricant's Rule 59(e) motion requested costs as a prevailing party, denial of his request was not an abuse of discretion because Fabricant failed to establish that he was both eligible for and entitled to costs. *See Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042-44 (9th Cir. 2016) (standard of review and requirements for costs in FOIA cases).

The district court did not abuse its discretion in denying Fabricant's motion to consolidate this action with another FOIA action involving newer FOIA requests. *See* Fed. R. Civ. P. 42 (a court "may" consolidate two or more actions if they "involve a common question of law or fact"); *Pierce v. County of Orange*,

526 F.3d 1190, 1203 (9th Cir. 2008) (standard of review).

Fabricant's request for costs on appeal, set forth in his reply brief, is denied.

**AFFIRMED.**