NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL SCOTT CASTLEMAN, | No. 16-15651 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-00302-RM |
| v. | |
| DEPARTMENT OF JUSTICE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted April 19, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Daniel Scott Castleman appeals pro se from the district court's summary

judgment in his Freedom of Information Act ("FOIA") action arising out of his

request for documents related to his criminal trial. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Animal Legal Def. Fund v. U.S. Food & Drug*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc). We affirm.

The district court properly granted summary judgment on Castleman's claim regarding the July 12, 2011, FOIA request because Castleman failed to raise a genuine dispute of material fact as to whether defendants had not "conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (citation and internal quotation marks omitted) (setting forth requirements for demonstrating adequacy of search for documents).

The district court properly granted summary judgment on Castleman's claim regarding the October 4, 2011, FOIA request because Castleman failed to raise a genuine dispute of material fact as to whether the FBI failed to respond to his request. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact . . . ."). Contrary to Castleman's contention, the district court properly concluded that Castleman's complaint failed to challenge the adequacy of the search in response to the October 4, 2011, request.

The district court did not abuse its discretion in granting the motion to stay discovery and denying Castleman's motion for discovery. *See Lane v. Dep't of*

*Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (setting forth standard of review, and explaining that "[w]hile ordinarily the discovery process grants each party access to evidence, in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents"); *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1329 (9th Cir. 1995) (district court did not abuse discretion in granting summary judgment in FOIA action before allowing an opportunity to conduct additional discovery).

Because Castleman does not advance any argument challenging the district court's conclusion that Exemption (b)(7)(C) justifies withholding the same information that defendants withheld under Exemption (b)(6), we do not reach the issue of whether Exemption (b)(6) applies in this case. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) ("[A] federal court loses its jurisdiction to reach the merits of a claim when the court can no longer effectively remedy a present controversy between the parties."); *see also Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived). Contrary to Castleman's contention, his arguments regarding Exemption 6 do not fall within an exception to the mootness

doctrine. *See Bowen*, 752 F.3d at 837-38 (explaining that "capable of repetition, yet evading review" exception is applied sparingly and only in exceptional circumstances, and does not apply to controversies that are not of inherently limited duration); *see also Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941) (district court is "without power to grant declaratory relief unless . . . a controversy exists").

We reject Castleman's contention that defendants waived the application of Exemptions (b)(6) and (b)(7)(C) as to the redaction of phone numbers in certain documents by producing this information in other documents because, even if true, Castleman concedes that he is now aware of the contents of the redacted documents and so his contention would not entitle him to additional relief.

We reject Castleman's challenge, set forth in his reply brief, to the sufficiency of the defendants' declarations in support of their requests for an extension of time to file an answering brief because Castleman did not oppose the extensions.

Castleman's motion for an order directing the warden to comply with the court's May 17, 2016, order (Docket Entry No. 10) is denied.

**AFFIRMED.**