**Burley L. MORRIS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.**

**Civ. A. No. H-80-573.**

United States District Court, S. D. Texas, Houston Division.

April 1, 1982.

Burley L. Morris, pro se.

M. Angela Flores, Asst. U. S. Atty., Houston, Tex., R. James George, Jr., Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Pending before the Court is plaintiff's Motion for New Trial and defendants' Motion to Dismiss or in the Alternative, for Summary Judgment. After careful consideration of the relevant law and the parties' memoranda, the Court concludes plaintiff's Motion must be DENIED and defendants' Motion to Dismiss must be GRANTED.

This is a case filed *pro se* by the plaintiff in which he alleges that he was a patient at various mental hospitals and he was the subject of the motion picture, "One Flew Over the Cuckoo's Nest." Plaintiff's complaint is rather obtuse but it is clear that he seeks to allege the constitutional torts of invasion of privacy and libel pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the Constitution. Plaintiff also alleges he was defamed in violation of the Texas libel statute, Tex.Rev.Civ.Stat., arts. 5430 *et seq.* In addition, plaintiff alleges the Veterans Administration failed to provide requested documents in violation of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

The plaintiff's Original Complaint included several private defendants which were subsequently dismissed from this action pursuant to the Court's Order of June 20, 1980. The plaintiff subsequently filed a Motion for a New Trial, pursuant to Rules 59 and 61 Fed.R.Civ.P., requesting this Court to retain jurisdiction over the private defendants. The plaintiff's motion fails to identify any legal error in the Court's dismissal of the private defendants. Therefore, the plaintiff's Motion for New Trial is DENIED.

The remaining defendants in this action are the United States Department of Justice and the Veterans Administration. These federal defendants have filed a Motion to Dismiss, requesting this Court to dismiss this action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks subject matter jurisdiction and that the complaint

fails to state a claim upon which relief can be granted. In the alternative, the defendants have moved for entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants make a "factual" attack on this Court's subject matter jurisdiction. The Court, therefore "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). The burden of proof that jurisdiction does in fact exist rests with plaintiff. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

■ Although the plaintiff's claim is rather difficult to decipher it is clear he seeks to allege that the United States Department of Justice participated in an invasion of his right of privacy and committed a libel, by the failure of the United States District Court to assert subject matter jurisdiction over his claims in *Burley L. Morris v. National Broadcasting Corp., et. al.*, No. H–79–811. A fair reading of the plaintiff's complaint, however, fails to disclose any factual allegations which state any theory of liability with respect to the Department of Justice. Plaintiff's failure to comply with Rule 8(a)(1), Federal Rule of Civil Procedure, subjects his complaint to dismissal for lack of subject matter jurisdiction; and the Court will so dismiss. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Miller v. Brown Shipbuilding Co.*, 165 F.2d 956 (5th Cir. 1948).

■ The plaintiff has also alleged that the Veterans Administration violated the Freedom of Information Act and the Privacy Act by refusing to furnish requested information. After reviewing the pleadings, the affidavit of the Veterans Administration official, and the memoranda of law submitted by the parties, it appears that this Court lacks subject matter jurisdiction of this action in that the Veterans Administration has disclosed to plaintiff all requested records which it maintains.

The affidavit of James E. Evans and the exhibits thereto, establish that on August 2, 1974, plaintiff requested the Veterans Ad-

ministration Hospital ("VAH") in Albuquerque, New Mexico, to send to his attorney, Mr. E. W. Howard, Jr., copies of the various reports and conclusions made by the examining physicians as a result of psychiatric examinations administered by plaintiff in early 1968. In response to that request, the VAH sent to Mr. Howard, copies of hospital summaries dated April 4, 1964; January 29, 1969 and March 21, 1969. Shortly thereafter, plaintiff again wrote the same VAH, thanking them for sending the aforenoted records and requesting specifically the grafted results of the Minnesota Multiphasic Personality Evaluation Test ("MMPT") administered to him in late 1967 or 1968. The VAH responded by furnishing Mr. Howard a copy of the MMPT report dated February 24, 1969. The VAH advised Mr. Howard that said summary constituted all the records it had in connection with the MMPT. On August 29, 1974, the plaintiff again requested a copy of the actual graph which plotted the results of the MMPT. In response to this final request, the VAH stated that a second search did not disclose the existence of said graph in the files maintained by the VAH at Albuquerque.

In May, 1980, Mr. Morris again requested a copy of the graph showing the results of his MMPT examination, from the VA Regional office in Houston, Texas. Again the Veterans Administration's response was that said document was not maintained in plaintiff's claim file.

Thus, the facts established by Mr. Evans' affidavit, show that the document apparently made the subject matter of this lawsuit has been requested and that said document is not contained in the plaintiff's medical or claim files of his administrative records. The plaintiff has introduced no affidavits or exhibits to controvert this finding.

Under the Freedom of Information Act and the Privacy Act (hereinafter "FOIA" and "PA") the district court is vested with jurisdiction to 1) enjoin an agency from improperly withholding or refusing to release an agency record or information maintained in the agency's system of records;

and 2) to order the production of any agency records or information improperly withheld from a claimant. 5 U.S.C. §§ 552 (a)(4)(B), 552a(d)(1), and 552a(g)(1)(B). In the instance case, the Veterans Administration has already conducted a thorough search of their system of records, 42 Fed.Reg. 49, 739 (1977), for all documents responsive to the plaintiff's request, and it has determined that no records or information pertaining to plaintiff's request, apart from the information disclosed to the plaintiff's attorney in 1974, presently exists as a record in their custody.

The FOIA mandates no more than disclosure of existing records. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162, 95 S.Ct. 1504, 1522, 44 L.Ed.2d 29 (1975); *Nolen v. Rumsfeld*, 535 F.2d 890, 891 (5th Cir. 1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 555 (1977). The FOIA imposes no duty or obligation on the part of the agency to create records not maintained in the system of records as defined in 5 U.S.C. § 552(a)(5). *Id.*

Plaintiff has wholly failed to sustain his burden of proving this Court has subject matter jurisdiction over his claims. The Evans Affidavit, together with the exhibits attached thereto, established that all records and documents prepared or created which the Veterans Administration maintains on the plaintiff have been disclosed to his attorney upon plaintiff's request. In as much as all records or documents have been disclosed, there exists no "improperly withheld" records within the meaning of 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1)(B), and 552a(g)(3)(A), and thus no denial of access upon which jurisdiction can be invoked. In the absence of records "improperly withheld" this action must be dismissed for want of subject matter jurisdiction under the FOIA and the PA.

For the reasons cited above, it is the opinion of this Court that the federal defendant's Motion to Dismiss should be GRANTED, for lack of subject matter jurisdiction.

This is a Final Judgment.