951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delbert H. REIDT, Plaintiff-Appellant,
v.
DEPARTMENT OF TRANSPORTATION, United States Coast Guard,
Defendants-Appellees.
 No. 91-15183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delbert H. Reidt appeals pro se the district court's grant of summary judgment in favor of the Department of Transportation and the United States Coast Guard in his action brought under the Privacy Act, 5 U.S.C. § 552a. By this action, Reidt sought to compel the Department of Transportation (DOT) and the United States Coast Guard (USCG) to furnish him with medical records he had requested pursuant to the Privacy Act and to correct his medical records to reflect the existence of an alleged service-related head injury. Reidt also sought, pursuant to 10 U.S.C. § 1219, to have removed from his USCG records a waiver signed by him and which he argued improperly denied him the right to appear before a Physical Evaluation Board prior to his discharge from the USCG on medical grounds. Additionally, Reidt alleged that his due process rights were violated by the actions of the USCG. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
 
 
 3
 We review de novo a district court's grant of summary judgment. Baker v. Department of the Navy, 814 F.2d 1381, 1382 (9th Cir.1987). We view the evidence in the light most favorable to the party opposing the motion and affirm only in the absence of any genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. Additionally, we construe Reidt's complaint liberally because he has proceeded pro se. See id.
 
 
 4
 A material issue of fact is an issue gleaned from "the pleadings, depositions, affidavits, and other material permitted by [Fed.R.Civ.P.] 56(c) ... that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1306 (9th Cir.1982) (citations omitted). If the moving party meets its initial burden of proof by showing the absence of any genuine issue of material fact, the burden of proof shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial and "may not rely on the mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 629-30 (9th Cir.1987) (citations omitted); see also Marks v. United States (Department of Justice), 578 F.2d 261, 263 (9th Cir.1978) ("[c]onclusory allegations unsupported by factual data will not create a triable issue of fact").
 
 I. The Privacy Act Claims
 
 5
 Reidt contends that because the USCG failed to respond within the proper time frame and turn over to him documents that he requested pursuant to the Privacy Act, the district court must hold a trial as to why the USCG did not comply with his request and then must require the USCG to give him the documents he sought. Reidt sought any records relating to medical treatment of an alleged service-related head injury he claims to have incurred some time between December 11, 1951 and March 1, 1952. He stated that he received treatment for this injury at the USCG training facility in Alameda, California. In addition, he requested that his service record be corrected to show the existence of the alleged head injury.
 
 
 6
 Under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, a party requesting information is entitled to an adequate search reasonably calculated to uncover all relevant documents. Hill v. United States Air Force, 795 F.2d 1067, 1069 n. 4 (D.C.Cir.1986) (search standard same for both FOIA and Privacy Act); Zemansky v. United States Environmental Protection Agency, 767 F.2d 569, 571 (9th Cir.1985) (FOIA). The crucial issue is whether the search for the requested documents has been adequate. Zemansky, 767 F.2d at 571. "The adequacy of the search ... is judged by a standard of reasonableness and depends ... upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." Id. (quoting Weisberg v. United States Dept. of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984)). An individual may also request amendment of a record pertaining to him, and the agency to which the request is made must either "make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or ... inform the individual of its refusal to amend the record in accordance with his request, [and] the reason for the refusal." 5 U.S.C. § 552a(d)(2)(B)(i)-(ii); see also Baker, 814 F.2d at 1383.
 
 
 7
 a. Adequacy of the Search
 
 
 8
 Here, the record reveals that the USCG undertook an extensive effort to locate the medical records which Reidt sought. The government submitted the sworn declarations of four individuals who had been involved in the search for the records which Reidt sought. In the words of one of those declarants, "this has been one of the most extensive searches I have undertaken in my 14 months as the FOI[A]/P[rivacy ] A[ct] officer, requiring nearly 20 hours of service." See Declaration of Michael T. Brown, SER at p. 26. Searches carried out at the USCG Headquarters in Washington D.C., the USCG Office of Health and Safety, and the USCG Office of Personnel and Training revealed that Reidt's medical and personnel records had been merged and sent to the National Personnel Records Center (NPRC) upon his discharge from the Coast Guard. The NPRC also conducted a search for his records but was unable to locate any. See Declaration of Richard M. Schrader, SER at pp. 51-52.[2]
 
 
 9
 Thus, in this instance, the government's search for relevant records was more than adequate. See Zemansky, 767 F.2d at 574. Other than the conclusory allegations contained in his complaint, Reidt pointed to no specific facts which dispute this conclusion. See Marks, 578 F.2d at 264. Therefore, the district court properly granted summary judgment on this cause of action. See Zemansky, 767 F.2d at 574; Marks, 578 F.2d at 264.
 
 
 10
 b. Amendment of Records
 
 
 11
 The Privacy Act permits an individual to seek correction or amendment of any record which that individual believes is not "accurate, relevant, timely, or complete." 5 U.S.C. § 552a(d)(2). In the instant case, however, no records relevant to Reidt's Privacy Act request were found. Therefore, there were no records for Reidt to have amended and the district court properly granted summary judgment as to this cause of action.
 
 II. Request for Removal of the Waiver
 
 12
 Reidt also claimed the district court erred by not allowing him to proceed to trial on his claims regarding the expungement of a waiver form he allegedly signed at the time of his separation from the USCG. Reidt argued that this form illegally required him to forgo an examination before a Physical Evaluation Board and resulted in denial of disability benefits to which he was entitled. Reidt requested, pursuant to 10 U.S.C. §§ 1214 and 1219, removal from his personnel and medical records of this waiver.
 
 
 13
 10 U.S.C. § 1214, which became effective in 1949, provides that "[n]o member of the armed forces may be retired or separated for physical disability without a full and fair hearing if he demands it." 10 U.S.C. § 1219, which took effect in 1958, provides that "[a] member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he has. Any such statement against his interests, signed by a member, is invalid."
 
 
 14
 10 U.S.C. § 1219 was not in effect at the time that Reidt signed the waiver form. Nonetheless, even if we were to find that the provisions of this section were retroactive and invalidated the waiver, Reidt offered no specific evidence in support of his claim that signature of the waiver form damaged him in any way. He merely offered conclusory allegations that he would be entitled to receive disability benefits if he had not signed the waiver form. In addition, Reidt did not allege that he demanded a hearing before the Physical Evaluation Board and thus fails to allege facts upon which he can base a claim under 10 U.S.C. § 1214. Therefore, in the absence of genuine issues of material fact, the district court did not err by granting summary judgment to defendants on this claim. See Marks, 578 F.2d at 264.
 
 III. Due Process Claim
 
 15
 Reidt also apparently claims that appellees violated his due process rights by failing to provide him with the records which he sought and by failing to amend his medical and personnel files to show the existence of the alleged head injury and remove the waiver of his Physical Evaluation Board hearing. See Petitioner's Brief at 18. These claims lack merit.
 
 
 16
 "Procedural due process is governed by a two-step analysis. First, we must determine whether a liberty or property interest exists entitling an individual to due process protections. Second, if a constitutionally protected interest is established, a balancing test is to be employed to determine what process is due." Hewitt v. Grabicki, 794 F.2d 1373, 1380 (9th Cir.1986) (citations omitted).
 
 
 17
 Reidt failed to allege any property interest in the documents which he sought to receive and have amended under the Privacy Act. In the absence of such a property interest, Reidt had no procedural due process right to production or correction of those documents. See id.
 
 
 18
 Reidt's claim for relief regarding the waiver form seems to be based on the denial of disability retirement pay. Even if we assumed that Reidt had a property interest in these purely speculative retroactive disability benefits, his due process rights to a hearing before the Physical Evaluation Board were subject to a voluntary, knowing, and intelligent waiver. See D.H. Overmeyer Co. v. Frick Co., 405 U.S. 174, 185 (1972). Reidt offered no specific facts or even general allegations that his signature of the waiver form was other than voluntary, knowing, and intelligent. Therefore, the district court did not err by granting summary judgment for defendants on Reidt's due process claims. See Marks, 578 F.2d at 264.
 
 IV. Disqualification of the District Judge
 
 19
 Reidt argues the district judge should have recused himself pursuant to 28 U.S.C. § 144 because he had a personal bias against Reidt and in favor of defendant's counsel. The record reveals no indication that Reidt ever made any motion below requesting that the district judge recuse himself from this case. " '[I]t is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 ... must be made in a timely fashion.' " Preston v. United States, 923 F.2d 731, 732-33 (9th Cir.1991) (quoting Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir.1989)). Accordingly, we decline to address this issue for the first time on appeal. See Preston, 923 F.2d at 733.[3]
 
 V. Reidt's Motions to Supplement His Briefs
 
 20
 Reidt's "Motion for Leave to File Supplement to Appellant's Reply to Appellee's Brief" is denied. "Reidt's Motion for Leave to File Supplement to His Brief, Fed.R.Civ.P 15(a), and the Supplement," is denied. "Reidt's Motion for Leave to File One Last Supplement, Fed.R.Civ.P. 15(a), 28 USCA and Supplement" is denied. "Reidt's Motion for Leave to File Supplement to Reply to Apppellee [sic], Fed.R.Civ.P., 15(a), 28 USCA" is denied.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, appellant's requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reidt asserts that this court has jurisdiction under 28 U.S.C. § 1292 as well as section 1291. Disposition of an entire action by summary judgment results in a final order, not an interlocutory order, and jurisdiction in this court is therefore properly found under 28 U.S.C. § 1291. See 28 U.S.C. §§ 1291, 1292; Fed.R.Civ.P. 56
 
 
 [2]
 NPRC stated in a letter sent to Reidt that its search included a thorough search of all military medical records from the USCG medical facility for the relevant time period as well as a search through the records of the United States Navy medical treatment facility in Alameda, including inpatient records, Medical Officer of the Day Logs, Registry of Patients, Appointment Logs, Examination Logs, and Sick Call Logs from the relevant period. See SER at pp. 42, 43
 
 
 [3]
 A motion for recusal of a judge pursuant to 28 U.S.C. § 144 will be granted only upon a showing of bias or prejudice from an extrajudicial source. Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988). Reidt's allegations of bias are not extrajudicial because they involved the district judge's performance while presiding over his case and thus could not provide a basis for recusal. See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986)