**Harry GOLDGAR, Plaintiff–Appellant,**

v.

**OFFICE OF ADMINISTRATION, EXECUTIVE OFFICE OF THE PRESIDENT, Defendant–Appellee.**

No. 93–3796
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 1994.

Rehearing Denied Aug. 1, 1994.

---

Harry Goldgar, pro se.

Margaret M. Groome, Robert Boitmann, U.S. Atty., New Orleans, LA, for appellee.

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

### Introduction

Plaintiff-appellant Harry Goldgar is appealing the dismissal of his *pro se* civil lawsuit brought under the Freedom of Information Act ("FOIA").[1] Goldgar, 73, states in his brief that he is a "telepath" and "has an innate condition of thought transparency, enabling any person anywhere at any time who so chooses to read his mind." Goldgar claims that the United States government has, since the mid–1940s, been conducting therapy upon him for his "thought transparency" condition without telling him about such therapy. By filing and pursuing this FOIA action against the Office of Administration, Executive Office of the President ("OA–EOP"), Goldgar seeks to obtain "the name and address of the U.S. government agency which has conducted his treatment so that he can plead his case for release."

The trial court, following the magistrate's recommendation, entered an order dismissing Goldgar's action for failure to meet the jurisdictional requirements under the FOIA.[2] *See Goldgar v. Office of Admin., Executive Office of the President,* No. CIV. A 93–1402,

---

1. 5 U.S.C. § 552 (West 1977 & Supp.1994).

2. On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, *has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.*" 5 U.S.C. § 552(a)(4)(B) (Emphasis added).

1993 WL 370620 at *2 (E.D.La., Sept. 10, 1993) (unpublished). We AFFIRM the decision of the trial court.

## Standard of Review

 We review a dismissal for lack of subject matter jurisdiction *de novo* under 5 U.S.C. § 552(a)(4)(B). We hold that because the OA–EOP does not have any records responsive to Goldgar's request, it has not "improperly withheld" agency "records," and thus Goldgar did not meet the jurisdictional requirements of the Freedom of Information Act. *See, e.g., Morris v. Department of Justice*, 540 F.Supp. 898, 900 (S.D.Tex.1982), *aff'd*, 696 F.2d 994 (5th Cir.) (TABLE), *cert. denied*, 460 U.S. 1093, 103 S.Ct. 1794, 76 L.Ed.2d 360 (1983).

## Facts and Procedural History

Goldgar commenced this action against the OA–EOP after the agency failed to comply with his FOIA request for

> "the name, address, and telephone number of the agency, bureau, or other entity of the U.S. Government which conducts or supervises a project of psychiatric or psychological treatment based upon Plaintiff's condition of thought transparency, and the name of the director of the project."

The FOIA officer for the OA–EOP responded to Goldgar's request indicating that the agency had "no records responsive to [his] request." Goldgar appealed this denial to the deputy director of the OA–EOP, who reviewed the request and reaffirmed the decision of the FOIA officer. Goldgar filed suit in federal court to force production of the information sought.

The district court dismissed the complaint because: (1) it failed to allege that the OA–EOP had improperly withheld agency records such as to give the court jurisdiction over the matter, and (2) it was harassing. We will examine each rationale.

## Jurisdictional Issue: No Improper Withholding of Records

 Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency

records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). The plaintiff has the initial burden of establishing that the court has jurisdiction over his claims. *See* FEDERAL RULE OF CIVIL PROCEDURE 8(a)(1); *Morris*, 540 F.Supp. at 900. Plaintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA. *Cf. National Federation of Federal Employees v. United States*, 695 F.Supp. 1196, 1204 (D.D.C.1988). It is the agency's burden to prove the non-existence of the records sought, and we hold that the OA–EOP met this burden. The OA–EOP did not improperly withhold any "agency records." Upon receipt of Goldgar's letter, the FOIA officer conducted a thorough search of the agency's records and determined that "there were no records responsive to [his] request." The OA–EOP deputy director affirmed this response.

 Goldgar argues that he is not seeking agency "records," but only "information" readily available to the OA–EOP. He also contends that "his fame as a telepath and as subject of this government therapeutic project is so widespread that virtually every reasonably well informed adult citizen in the United States possesses the information he seeks," and thus, "it is inconceivable that any officer of the federal government could lack the information."

The distinction that Goldgar attempts to make between "information" and "records" does not advance his case; in fact, such a distinction supports the trial court's dismissal of his suit, because the FOIA applies only to information in record form. "The Freedom of Information Act deals with 'agency records,' not information in the abstract," *Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980). In *Kissinger*, the Supreme Court said:

> The act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained. It has been settled by decision of this Court that only the Federal Records Act, and not the FOIA, requires an agency to actually cre-

ate records, even though the agency's failure to do so deprives the public of information which might have otherwise been available to it.

*Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 152, 100 S.Ct. 960, 969, 63 L.Ed.2d 267 (1980) (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 161–162, 95 S.Ct. 1504, 1521–22, 44 L.Ed.2d 29 (1975); *Renegotiation Bd. v. Grumman Aircraft Eng. Corp.,* 421 U.S. 168, 192, 95 S.Ct. 1491, 1504, 44 L.Ed.2d 57 (1975)). Thus, the FOIA merely affords the public free access to "records" which contain information within the control of the agency at the time of the FOIA request. *United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 145, 109 S.Ct. 2841, 2848, 106 L.Ed.2d 112 (1989). In this case, the OA–EOP had no records in its control responsive to Goldgar's request, so Goldgar did not establish jurisdiction under the Freedom of Information Act.

In *Morris,* 540 F.Supp. at 900, the plaintiff requested certain records from the Veterans Administration. The court held that the plaintiff had failed to establish jurisdiction:

"[A]ll records and documents prepared or created which the Veterans Administration maintains on the plaintiff have been disclosed to his attorney upon plaintiff's request. In as much as all records or documents have been disclosed, there exists no "improperly withheld records" within the meaning of § 552(a)(4)(B) … and thus no denial of access upon which jurisdiction can be invoked. In the absence of records "improperly withheld," this action must be dismissed for want of subject matter jurisdiction under the FOIA."

*Morris,* 540 F.Supp. at 900.

■ The FOIA was enacted to afford the public greater access to government "records." *Department of Air Force v. Rose,* 425 U.S. 352, 365–66, 96 S.Ct. 1592, 1601–02, 48 L.Ed.2d 11 (1976). If Goldgar is not seeking an agency record—the only thing accessible under the FOIA—then he is abusing and misusing the FOIA. If he is seeking a record, we hold that no such record exists and that Goldgar has failed to state a claim under the FOIA which could confer jurisdiction on the federal district court.

*Dismissal Because Claim was "Harassing"*

■ Goldgar has sought similar information in two prior lawsuits. The first action was *Harry Goldgar v. Administrative Assistant to the Secretary, Department of the Army,* No. 89–4219. Goldgar voluntarily dismissed that action and brought a second FOIA action against the director of the Office of Administration, Executive Office of the President. That lawsuit was very similar to the case we now review; it also sought records under the FOIA that the agency did not have, and it also was dismissed for lack of jurisdiction. *See Harry Goldgar v. Office of Administration, Executive Office of the President,* No. CIV. A. 90–270, 1990 WL 32893 at *1 (E.D.La., March 22, 1990) (unpublished).

In his brief, Goldgar attempts to distinguish the present case from the his two prior FOIA lawsuits. In the voluntarily dismissed 1989 action, Goldgar sued the Administrative Assistant of the Secretary of the Army for requested records of a "therapeutic project" concerning "involuntary telepathic transmissions (thought projections.)" The 1990 suit sought records and/or information on "thought projections" or "thought transferences," but the present suit, Goldgar explains, seeks information on "thought transparency." In the 1990 suit, Goldgar improperly named the *director of the* OA–EOP as defendant; he points out that the present suit is different because it names the OA–EOP agency itself.

We hold that these distinctions are irrelevant because the repetition comes from misusing the FOIA. Even Goldgar admits that his lawsuits have asked not for existing records, but for "information." The "information" he seeks—the identity of the government agency that is reading his mind—does not exist in record form and cannot be produced.

■ Therefore, we AFFIRM the district court's dismissal of Goldgar's suit with prejudice for failure to meet the jurisdictional requirements of the FOIA. Further, we AFFIRM the district court's order that Goldgar familiarize himself with Rule 11 of the Federal Rules of Civil Procedure. We join the

district court in warning Goldgar that should he file or appeal another FOIA complaint against any federal agency, office or department, which is similarly without jurisdictional basis, he may be assessed costs, attorney's fees and proper sanctions.[3]

We AFFIRM the district court's order that all future complaints and pleadings presented by Goldgar, whether pro se or through counsel, shall be verified by him prior to submission and filing with the district court, and that he shall include with every future complaint or pleading to be filed a list of all causes previously filed on that same, similar or related causes of action and include therein a brief statement regarding the court's ruling in that previous action.

Finally, we AFFIRM the district court's order that Goldgar notify any counsel retained in the future of these stipulations and that any failure of compliance may result in the dismissal of the action and/or the appropriate sanctions.

AFFIRMED.

---

**3.** A federal court may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice. We warn Goldgar in addition that if he persists in filing FOIA suits without a proper jurisdictional basis, he may be ordered to obtain judicial pre-approval of all future filings. *See, e.g., Vinson v. Heckmann*, 940 F.2d 114, 116–17 (5th Cir.1991) (ordering all trial and appellate courts within the Fifth Circuit's supervisory jurisdiction to decline acceptance of any filing from frivolous litigant unless he obtained specific pre-authorization by a judge of the forum court); *Moody v. Miller*, 864 F.2d 1178, 1179 n. 2 (5th Cir.1989) (noting our decision to prohibit frivolous litigant from prosecuting any more *in forma pauperis* appeals until he paid all previous sanctions or obtained certification of his good faith by the district court).