**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-1415**

---

In Re:  PETER KAY STERN,

Petitioner.

---

On Petition for Writ of Mandamus.

---

Submitted:  May 15, 1997          Decided:  June 16, 1997

---

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Peter Kay Stern, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Peter Stern petitions this court to enjoin the Internal Revenue Service (IRS) from collecting unpaid taxes, penalties, and interest from him. Additionally, he seeks compensatory damages for the IRS's actions in attempting to collect the debt and for alleged violations of the Freedom of Information Act (FOIA).[1] Finding Stern's allegations and arguments devoid of merit, we deny the petition.

Stern, who has not paid nor filed income tax returns since 1984, maintains that federal case law and other materials provide that he is not required to file federal income tax returns. He claims that from the Constitution, Supreme Court cases, and other documents, he learned that the income tax was an excise tax for which he as a citizen of the state of North Carolina could not be held liable. Stern's position is absolutely devoid of merit.

Congress has expressly removed or excluded jurisdiction of the court in tax cases to grant injunctions or declaratory judgments to prevent the assessment and collection of taxes.[2] Moreover, the United States Supreme Court has consistently interpreted the federal income tax for eighty years. Since 1916, the Court has construed the tax as an indirect tax authorized under Article I,

---

[1] 5 U.S.C. § 552 (1994).

[2] 26 U.S.C. § 7421(a) (1994) (commonly called the "Anti-Injunction Act").

Section 8, Clause I of the U.S. Constitution, as amended by the Sixteenth Amendment.[3] Federal courts have all agreed that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax—regardless of its nature.[4] In short, the debate over whether the income tax is an excise tax or a direct tax is irrelevant to the obligation of citizens to pay taxes and file returns.[5]

Furthermore, the duty to file returns and pay income taxes is clear. Section 1 of the Internal Revenue Code imposes a federal tax on the taxable income of every individual.[6] Section 63 defines "taxable income" as gross income minus allowable deductions.[7] Section 61 states that "gross income means all income from whatever source derived," including compensation for services.[8] Sections 6001 and 6011 provide that a person must keep records and file a tax return for any tax for which he is liable.[9] Finally, § 6012

---

[3] See Brushaber v. Union Pac. R.R., 240 U.S. 1, 11, 16-19 (1916).

[4] See, e.g., Brushaber, 240 U.S. at 17; United States v. Sloan, 939 F.2d 499, 500-01 (7th Cir. 1991); Simmons v. United States, 308 F.2d 160, 167-68 (4th Cir. 1962).

[5] Simmons, 308 F.2d at 166 n.21 (stating that "it has been clearly established that the labels used do not determine the extent of the taxing power").

[6] 26 U.S.C. § 1 (1994).

[7] 26 U.S.C. § 63 (1994).

[8] 26 U.S.C. § 61 (1994).

[9] 26 U.S.C. §§ 6001, 6011 (1994).

provides that every individual having gross income that equals or exceeds the exemption amount in a taxable year shall file an income tax return.[10] The duty to pay federal income taxes therefore is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations."[11]

Finally, it is clear from the evidence that Stern submitted, that the IRS complied with the FOIA. All the identifiable documents within the IRS's control were either produced or subject to with-holding under an exemption.[12] The FOIA only requires that an agency release existing documents, not that it create new ones.[13]

Accordingly, we deny Stern's petition for relief. Additional-ly, we deny Stern's request for subpoena duces tecum. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[10] 26 U.S.C. § 6012 (1994).

[11] United States v. Bowers, 920 F.2d 220, 222 (4th Cir. 1990).

[12] Goldgar v. Office of Admin., Executive Office of the President, 26 F.3d 32, 34 (5th Cir. 1994).

[13] Rushforth v. Council of Economic Advisors, 762 F.2d 1038, 1039 n.3 (D.C. Cir. 1985).