Kelly B. LUNDY

v.

**DEPARTMENT OF VETERANS AFFAIRS.**

No. Civ.A. 00–2573.

United States District Court,
W.D. Louisiana,
Monroe Division.

March 6, 2001.

**777**

Kelly B Lundy, W Monroe, LA, pro se.

John Robert Halliburton, U.S. Atty's Office, Shreveport, LA, for defendant.

## RULING

JAMES, District Judge.

This is a suit brought under the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), by *pro se* Plaintiff Kelly B. Lundy ("Lundy") against the Defendant Department of Veterans Affairs ("VA"). On January 18, 2001, the VA filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure asserting that this Court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted. Alternatively, the VA argues that summary judgment is warranted, as there are no genuine issues of material fact.

For the following reasons, the VA's Motion to Dismiss or in the Alternative for Summary Judgment [Doc. No. 4] is GRANTED.

## FACTS

Lundy is a veteran with a history of numerous physical impairments. In 1996, Lundy requested a hearing with the VA Regional Office in New Orleans, Louisiana, on eight specific issues related to his disability ratings, as well as his entitlement to additional service connections. The requested hearing was held on November 27, 1996, before James E. Fowler, an Alternate Hearing Officer ("Hearing Officer"). A transcript of the hearing was provided to Lundy on December 11, 1996. Although he was informed that he would also be provided with a copy of the Hearing Officer's decision as soon as it was issued, Lundy never received a copy.

Lundy claims that in August of 1998, Sam Jarvis ("Jarvis"), an Adjudication Officer at the VA Regional Office, called Lundy to inform him that the VA had approved a service connection for his heart disability. During that conversation, Jarvis asked Lundy to consider withdrawing some of his issues on appeal. Lundy agreed, and in a letter dated August 19, 1998, he withdrew some of the issues pending before the VA. Lundy claims that Jarvis called again on August 20, 1998, to inform him that the VA had granted Lundy individual unemployability. Jarvis again asked Lundy to withdraw all or most of the pending issues. On that same date, Lundy wrote to the VA effectively withdrawing all eight issues raised at the November 27, 1996, hearing from consideration.[1]

In light of Lundy's August 20, 1998, letter, the VA now believes that a decision was never rendered by the Hearing Officer or, if one was rendered, it is now lost.

On December 16, 1999, Lundy executed VA Form 21–4138 requesting a complete copy of the Hearing Officer's decision on the eight issues raised at the November 27, 1996, hearing. The VA did not respond to Lundy's request. On May 16, 2000, Lundy wrote to the Board of Veterans Appeals ("BVA") in Washington, D.C., requesting a copy of the Hearing Officer's decision.[2] On August 22, 2000, Margaret L. Peak ("Peak"), the Freedom of Information Act ("FOIA") and Privacy Act Officer for the BVA, informed Lundy that she had reviewed his file and was unable to find a Hearing Officer's decision based on the November 27, 1996, hearing.

Lundy appealed Peak's failure to produce the requested document to the Office of General Counsel on August 30, 2000. On November 13, 2000, the Office of General Counsel denied Lundy's request for access, stating that after making reasonable efforts to locate the requested document, the Hearing Officer's decision could not be found. According to the Office of General Counsel, Peak conducted several complete examinations of Lundy's seven-volume file and was unable to locate the requested decision.

Having exhausted all available administrative remedies, Lundy filed suit on November 20, 2000, requesting this Court to order the production of the Hearing Officer's decision. Alternatively, in the event the benefit issues raised at the November 27, 1996, hearing were not decided by the VA, Lundy requested that this Court order those issues to be adjudicated. The VA has filed a motion to dismiss or in the alternative for summary judgment, which is now before this Court.

## LAW AND DISCUSSION

The VA claims that Lundy is not entitled to the requested relief because (1) the VA has made a good faith and reasonable effort to locate the requested document, as required by the Privacy Act, and is unable to do so; and (2) this Court is barred under 38 U.S.C. § 511 from ordering the VA to adjudicate Lundy's benefit issues.

### I. Lundy's Privacy Act Claim for Production of Hearing Officer's Decision.

The Privacy Act allows an individual access to his government records or to any

---

1. The only issues that remained pending before the VA were (1) Lundy's entitlement to a service connection for tinnitus and (2) Lundy's entitlement to a service connection for skin disorders. These issues were not discussed at the November 27, 1996, hearing and are not relevant to the instant suit.

2. Lundy also requested a copy of the argument made on his behalf by his Veterans of Foreign Wars' representative. A copy of this argument was forwarded to Lundy on August 22, 2000.

information pertaining to him which is contained in an agency's system of records. 5 U.S.C. § 552a(d)(1). Section 552a(g)(1)(B) grants an individual a civil right of action in federal district court against any agency which refuses to comply with his request for access. The district court may enjoin the agency from withholding the records and order the production of any agency records improperly withheld from the individual. 5 U.S.C. § 552a(g)(3)(A). Thus, district courts are vested with jurisdiction under the Privacy Act upon a showing that an agency has improperly withheld the requested records. *Id.; Morris v. United States Dep't of Justice,* 540 F.Supp. 898, 900 (S.D.Tex.1982).

■ Although the burden of establishing jurisdiction rests on the party claiming it, the agency bears the burden of proving that its search for documents requested under the Privacy Act was reasonably calculated to uncover all relevant documents. *Reidt v. Dep't of Transp.,* 951 F.2d 362, 1991 WL 279017 (unpublished table decision), 1991 WL 279017 at *2 (9th Cir. Dec. 26, 1991). "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* (citing *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C.Cir. 1984)).

■ The Court concludes that the VA conducted a good faith and reasonable search for the Hearing Officer's decision. Peak's declaration is reasonably detailed, setting forth how the search was conducted. It also explains that all volumes, not only the volume likely to contain the requested document, were searched at least twice.

Further, in light of Lundy's August 20, 1998, letter to the VA effectively withdrawing from consideration the benefit issues raised at the November 27, 1996, hearing,

the Court finds that it is reasonable to conclude that the requested Hearing Officer's decision does not exist.

Accordingly, in the absence of any improperly withheld records, Lundy's claim must be dismissed for lack of subject matter jurisdiction. Alternatively, even if this Court had jurisdiction over Lundy's Privacy Act claims, the VA conducted an adequate search reasonably calculated to uncover the Hearing Officer's decision and is therefore entitled to summary judgment in its favor.

## II. Lundy's Claim for Adjudication of Remaining Issues.

■ Lundy argues that, in the event the benefit issues raised at the November 27, 1996, hearing were not decided by the VA, the Court must order the VA to adjudicate these issues. The VA argues that this Court lacks subject matter jurisdiction and is barred under 38 U.S.C. § 511 from ordering the VA to adjudicate the benefit issues raised by Lundy. This Court agrees.

District courts are precluded from reviewing VA benefit decisions. 38 U.S.C. § 511. Section 511(a) provides that the Secretary of the VA shall decide all questions of law and fact relating to a benefits decision. *Id.* The Secretary's decision "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.*

Congress' intent to preclude review of VA decisions in federal district courts is also set forth in the Veterans' Judicial Review Act, 38 U.S.C. § 7251 ("VJRA"). The VJRA creates "an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs. The VJRA allows veterans to appeal benefits determinations

to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals ["CVA"]." *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995). The CVA is also vested with the authority to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2). The CVA's decisions are reviewed exclusively by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Finally, the United States Court of Appeals for the Federal Circuit's decisions may be reviewed by the United States Supreme Court by writ of certiorari. 38 U.S.C. § 7292(c).

Absent a constitutional challenge to an applicable statute, federal district courts have not exercised subject matter jurisdiction over claims challenging VA benefit decisions, including actions seeking to compel the VA to make a decision. Accordingly, there is no subject matter jurisdiction in the present case whether or not a benefit decision was made.

The Court further concludes that subject matter jurisdiction does not exist pursuant to 28 U.S.C. § 1361, which affords district courts with mandamus jurisdiction. "The Fifth Circuit has ... held that 28 U.S.C. § 1361 confers subject matter jurisdiction and waives sovereign immunity where a plaintiff sues to compel a federal agency to perform a duty owed to the plaintiff. Such jurisdiction is conferred only where three elements exist: (1) the plaintiff must have a clear right to the relief; (2) the defendant must have a clear duty to act; and (3) no other adequate relief must be available." *Helfgott v. United States*, 891 F.Supp. 327, 330–31 (S.D.Miss.1994) (citing *McClain v. Panama Canal Comm'n*, 834 F.2d 452, 455 (5th Cir.1987)). Lundy has failed to establish any of the elements required to confer mandamus jurisdiction.

Nevertheless, even if this Court had mandamus jurisdiction, Lundy has not demonstrated extraordinary circumstances warranting mandamus relief. Accordingly, Lundy's request that this Court order the VA to adjudicate all benefit issues raised at the November 27, 1996, hearing must also be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the VA's Motion to Dismiss or in the Alternative for Summary Judgment [Doc. No. 4] is GRANTED, and Lundy's claims are DISMISSED WITH PREJUDICE.