IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10823
Conference Calendar
_____

JOHN ALDRIDGE,

                                        Plaintiff-Appellant,

versus

CHARLES ROSSOTTI,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-131-R
- - - - - - - - - -
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     John Aldridge appeals the district court's dismissal of his
Freedom of Information Act ("FOIA") complaint against the
Internal Revenue Service ("IRS").  See 5 U.S.C. § 552.

     Aldridge contends that the IRS did not investigate or create
an adequate record in response to his 1999 fraudulent-document
complaint.  Such claims are not cognizable under the FOIA.  See
Kissinger v. Reporters Committee for the Freedom of the Press,
445 U.S. 136, 150-51 (1980) (agency does not improperly
"withhold" records that it does not possess); Goldgar v. Office

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Admin., Executive Office of the President, 26 F.3d 32, 34-35 (5th Cir. 1994) (FOIA applies only to information kept in record form).  In addition, Aldridge waived, by failing to argue, any challenge to the district court's conclusion that the IRS was not improperly withholding agency records.  See American States Ins. Co. v. Bailey, 133 F.3d 363, 372 (5th Cir. 1998) (failure to provide legal or factual analysis of issue results in its waiver).  There was an adequate factual basis for the district court's conclusion, and, consequently, the district court correctly held that it was divested of jurisdiction.  See Goldgar, 26 F.3d at 34; see also Calhoun v. Lyng, 864 F.2d 34, 36 (5th Cir. 1988) (FOIA dismissal reviewed for clear error).

To the extent Aldridge challenges any of the magistrate judge's orders, those rulings are not directly appealable to this court.  Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).  We decline to consider Aldridge's untimely argument that the magistrate judge should have recused himself.  See Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 2001); United States v. Sanford, 157 F.3d 987, 988-89 (5th Cir. 1998).

The district court's judgment is AFFIRMED.

All motions are DENIED.