**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 17, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50665
Summary Calendar

SHIRLEY ANN CHARLES,

Plaintiff-Appellant,

versus

K. WOODY, Captain; S. HENSEN, Major; B. RUCKER, Warden; KELLIE
WARD, Step 2 Grievance Coordinator,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-286
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Shirley Ann Charles, Texas prisoner # 692618, appeals the

district court's dismissal of her 42 U.S.C. § 1983 action for

failure to state a claim. See 28 U.S.C. § 1915A. Charles also

appeals the denial of her Federal Rule of Civil Procedure 59(e)

motion, as well as the denial of her motion under Federal Rule of

Civil Procedure 60(b)(6). Charles's motion to supplement her

brief is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Charles was convicted of attempted extortion in a prison disciplinary proceeding based on a letter in which Charles stated that she needed financial assistance and had not received financial assistance in some time. As a result of the conviction, prison officials placed Charles on commissary restriction for 45 days and changed her custodial classification.

Charles argues that the Texas Department of Criminal Justice ("TDCJ"), in Administrative Directive 3.51, created a liberty interest protected by the due process clause by prescribing rules and procedures to be used in the prison context to reduce incidents of extortion. Charles has not shown that the change in her custodial classification is the type of "atypical and significant hardship" which would give rise to a protected liberty interest requiring any particular procedures. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Charles's commissary restrictions do not implicate due process concerns. See Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997). Charles has failed to state a claim under the Due Process Clause. See Sandin, 515 U.S. at 484. To the extent that Charles's contention that Administrative Directive 3.51 created a liberty interest, which was the argument set forth in her Rule 60(b)(6) motion, can be construed as a challenge to the denial of that motion, Charles has failed to failed to show that the denial of her Rule 60(b)(6) motion was an abuse of discretion. See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996).

Charles asserts that prison officials retaliated against her by filing a disciplinary charge and convicting her for engaging in constitutionally-protected speech. Because Charles has not provided direct evidence of motivation, nor alleged a chronology of events from which retaliation may plausibly be inferred, she has failed to state a claim. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

Charles asserts that prisons may not punish inmates for statements made in letters to outside persons that do not implicate governmental interests. "A prison inmate is entitled to his First Amendment right to freedom of expression so long as it is not inconsistent with his status as a prisoner and does not adversely affect a legitimate state interest." Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). Legitimate penological interests include security, order, and rehabilitation. Adams v. Gunnell, 729 F.2d 362, 367 (5th Cir. 1984). As documents attached to her complaint show, Charles exaggerated her financial need in her letter. We accord the widest possible deference in the application of policies designed to maintain prison security and preserve internal order, see McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990), and we are confident that the objective of rehabilitation likewise is served by discouraging misrepresentations regarding financial need. Charles has not shown that the district court erred in dismissing her complaint

for failure to state a claim upon which relief can be granted. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Charles contends that the district court erred in denying her Federal Rule of Civil Procedure 59(e) motion, in which she brought to the district court's attention the provisions of TDCJ Administrative Directive 3.51. She contends that there is no evidence to support her conviction under such provisions. Charles indicated, however, that TDCJ Administrative Directive 3.51 became effective after her disciplinary conviction. Charles has not shown that the district court erred in denying her Rule 59(e) motion. See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000). Because Charles has failed to show error, the judgment of the district court is AFFIRMED.

The district court's dismissal of the complaint counts as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Charles is CAUTIONED that if she accumulates three "strikes," she will not be able to proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; MOTION GRANTED; SANCTION WARNING ISSUED.