United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51136
Conference Calendar

_____

SHIRLEY ANN CHARLES,

                                        Plaintiff-Appellant,

versus

SYLVIA NANCE, Warden; LINDA MAYBERRY; LAWRENCE SIGGERS;
AUDREY LYNN SMITH; KAY SHEELEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-139
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

        Shirley Ann Charles, Texas prisoner # 692618, appeals the

district court's dismissal of her 42 U.S.C. § 1983 complaint as

frivolous and for failure to state a claim pursuant to 42 U.S.C.

§ 1997e(e) and 28 U.S.C. § 1915(e).  We review a dismissal as

frivolous for abuse of discretion and for failure to state a

claim de novo.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir.

1999); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

        As the district court correctly determined, a prisoner may

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not maintain an action for monetary damages against state officials based on an alleged constitutional violation absent some showing of a physical injury. § 1997e(e); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Moreover, prisoners have no absolute constitutional right of visitation. See Berry, 192 F.3d at 508. The denial of a single visit does not give rise to a constitutional violation. See id. The alleged violation of the prison's visitation policy likewise provides no basis for a constitutional claim. See Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000). Charles's complaint that the prison failed to investigate her grievance arising out of the denial of visitation likewise fails to assert a due process violation. See Geiger, 404 F.3d at 373-74. Thus, we need not reach the district court's conclusion that Charles failed to exhaust administrative remedies with respect to this claim.

Charles's argument that the district court should have allowed her to amend her complaint is without merit. In light of the foregoing, there are no facts alleged by Charles in seeking leave to amend or that could have been alleged that would have entitled her to relief. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

For the foregoing reasons, we dismiss this appeal as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal by the district court of

Charles's suit and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Charles previously received a strike when another § 1983 suit was dismissed for failure to state a claim.  See Charles v. Woody, No. 05-50665, 2006 WL 1342811, at *2 (5th Cir. May 17, 2006) (unpublished).  As Charles now has accumulated at least three strikes under § 1915(g), she is barred from proceeding in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  § 1915(g).

DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.