United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 05-51316
Summary Calendar

———————

SHIRLEY ANN CHARLES,

                                        Plaintiff-Appellant,

versus

D. COCKRELL; S. NANCE; KELLY WARD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 6:04-CV-200
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Shirley Charles, a Texas inmate, appeals the dismissal of her
42 U.S.C. § 1983 civil rights action for failure to state a claim
pursuant to 28 U.S.C. § 1915A.  Charles's claims surrounding her
disciplinary conviction for extortion are barred by <u>Heck v. Hum-</u>

————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

phrey, 512 U.S. 477, 486-87 (1994). See Edwards v. Balisok, 520 U.S. 641, 643-48 (1997). Charles's case is distinguishable from Muhammad v. Close, 540 U.S. 749, 754 (2004), insofar as she asked the district court to expunge the extortion disciplinary conviction from her record. Moreover, the district court did not abuse its discretion in denying Charles relief from its judgment under FED. R. CIV. P. 59(e). See Fletcher v. Apfel, 210 F.3d 510, 512 (5th Cir. 2000); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Finally, Charles fails to state a claim for retaliation, because she has neither supplied evidence of motivation nor adequately alleged a chronology of events that would allow a plausible inference of retaliation. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

Charles's appeal is without merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore dismissed. See 5TH CIR. R. 42.2. The instant appeal was pending when this court imposed a 28 U.S.C. § 1915(g) three-strikes bar against Charles. See Charles v. Nance, No. 05-51136, 2006 WL 1752486 (5th Cir. June 21, 2006). That bar remains in effect as to civil actions and appeals filed in forma pauperis. Although Charles has paid the filing fees in this case, she is warned that the future filing of frivolous appeals in this court may result in additional sanctions, which may include monetary penalties. See Goldgar v. Office of Admin., Executive Office of the President, 26 F.3d 32, 36 n.3 (5th Cir. 1994).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR REMAINS IN EFFECT; WARNED ABOUT MONETARY SANCTIONS.