# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

MOHAMMED AHMED HASSAN ABDALLAH OMRAN,

Plaintiff - Appellant

v.

ROBERT WYCHE; STEVE PRATOR; ARDISE HICKS; CHAPLAIN WHITTIKER; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8; JOHN DOE #9; JOHN DOE #10; JOHN DOE #11; JOHN DOE #12,

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-64

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mohammed Ahmed Hassan Abdallah Omran, immigration detainee # A079680001, former federal prisoner # 12752-049, and former Louisiana prisoner # 121227, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Steve Prator, the Caddo Parish Sheriff; Robert Wyche, the commander

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30042

of the Caddo Correctional Center (CCC); Ardise Hicks, the food services manager at the CCC; Chaplain Whittiker, the religious services coordinator at the CCC; and John Does #1-12 (hereinafter the John Doe defendants). Omran, who is a practicing Muslim, alleged that he was denied halal foods during his time as a pretrial detainee at the CCC in violation of his right to equal protection under the Fourteenth Amendment and various state laws.

Because Omran was proceeding in forma pauperis (IFP), his complaint was subject to the screening provisions of 28 U.S.C. § 1915(e)(2). The district court dismissed Omran's complaint sua sponte as barred by res judicata and for failure to state a claim against the John Doe defendants. The court also sanctioned Omran based on his "numerous, meritless complaints" and required that he obtain judicial pre-approval of all future filings and that he be prohibited from proceeding IFP absent a certification of good faith.

Omran argues on appeal that the district court erred in dismissing his § 1983 action as barred by res judicata and for failure to state a non-frivolous claim against the John Doe defendants. He also challenges the district court's imposition of sanctions.

"The res judicata effect of a prior judgment is a question of law that this court reviews de novo." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The district court's dismissal of Omran's claims against the John Doe defendants under § 1915(e)(2)(B) for failure to state a claim is reviewed de novo, applying the same standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

Res judicata applies when the following four conditions are satisfied: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was

2

concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Singh*, 428 F.3d at 571.

As the district court observed, Omran had already filed a § 1983 action against Prator, Wyche, Hicks, and Whittiker complaining about the denial of halal foods while he was confined at the CCC. His initial § 1983 action claimed that the failure to accommodate his religious dietary requests violated his right to the free exercise of religion under the First Amendment. That claim was dismissed on summary judgment by a court of competent jurisdiction, and the dismissal was affirmed on appeal, making it final for purposes of res judicata. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Singh*, 428 F.3d at 571. "In order to determine whether both suits involve the same cause of action, this Court uses the transactional test." *Id.* "The critical issue is whether two actions are based on the same nucleus of operative facts." *Id.* (quotation omitted).

Omran's instant complaint reiterates allegations about his prison diet, but instead of claiming a violation of the First Amendment, he asserts new legal theories under the Fourteenth Amendment and state law. Although he now advances an equal protection claim and various state law claims based on an allegedly unconstitutional policy, the transaction at issue in both the instant lawsuit and Omran's initial § 1983 action is the denial of his request for a halal diet while detained at the CCC. *Singh*, 428 F.3d at 571.

The parties are also identical except for the addition of the John Doe defendants, who are said to be members of the Caddo Parish Board of Commissioners. The district court correctly dismissed Omran's claims against

the new defendants because his complaint did not state sufficient facts to support parish liability for his alleged injuries.

Because Omran's claims, regardless of the selected legal theory, emanate from the same nucleus of operative facts, and all the other elements for res judicata are met, the district court did not err in dismissing Omran's complaint.

Omran also complains about the district court's imposition of sanctions, claiming that, as an immigration detainee, he is not subject to the three-strikes rule of the Prisoner Litigation Reform Act (PLRA). Though the district court discussed the PLRA and the three-strikes rule in §1915(g), it did not impose sanctions based on the PLRA. Instead, the court imposed sanctions under its inherent power based on Omran's numerous frivolous lawsuits and his abuse of his IFP status. *See Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 36 n.3 (5th Cir. 1994). Omran failed to show that the court erred in imposing sanctions in this case.

The judgment of the district court is AFFIRMED.

4